# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC PINEDA,<br><br>       Petitioner,<br><br>   v.<br><br>J. ROBERTSON,<br><br>       Respondent. | Case No. 1:19-cv-01805-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

On December 30, 2019, Petitioner filed the instant petition for writ of habeas corpus in this Court. Because the petition is successive, the Court will recommend it be **DISMISSED**.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A federal court must dismiss a second or successive petition that raises the same grounds

1

1   as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive

2   petition raising a new ground unless the petitioner can show that 1) the claim rests on a new,

3   retroactive, constitutional right or 2) the factual basis of the claim was not previously

4   discoverable through due diligence, and these new facts establish by clear and convincing

5   evidence that but for the constitutional error, no reasonable factfinder would have found the

6   applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the

7   district court that decides whether a second or successive petition meets these requirements.

8        Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by

9   this section is filed in the district court, the applicant shall move in the appropriate court of

10  appeals for an order authorizing the district court to consider the application." In other words,

11  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

12  petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must

13  dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave

14  to file the petition because a district court lacks subject-matter jurisdiction over a second or

15  successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d

16  1270, 1274 (9th Cir. 2001).

17       In this case, Petitioner challenges his 2007 conviction in the Tulare County Superior

18  Court for carjacking and related offenses. He claims that his sentence was illegally enhanced,

19  and that the gang expert relied on hearsay in violation of the Confrontation Clause of the Sixth

20  Amendment. Petitioner previously sought federal habeas relief in this Court with respect to the

21  same conviction. See Pineda v. Harrington, Case No. 1:10-cv-00354-OWW-DLB. In that action,

22  Petitioner claimed: 1) The identification procedure was impermissibly suggestive; 2) The

23  carjacking prosecution violated the double jeopardy clause; 3) Petitioner received ineffective

24  assistance of counsel; and 4) There was insufficient evidence to support the criminal street gang

25  enhancement. Id. The petition was denied on the merits on October 19, 2010. Id.

26       The Court finds that the instant petition is "second or successive" under 28 U.S.C. §

27  2244(b). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to

28  file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's

1 renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton,

2 549 U.S. at 157.

3 **ORDER**

4 Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to this case.

5 **RECOMMENDATION**

6 For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition be

7 DISMISSED as successive.

8 This Findings and Recommendation is submitted to the United States District Court Judge

9 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

10 of the Local Rules of Practice for the United States District Court, Eastern District of California.

11 Within twenty-one days after being served with a copy, Petitioner may file written objections

12 with the Court. Such a document should be captioned "Objections to Magistrate Judge's

13 Findings and Recommendation." The Court will then review the Magistrate Judge's ruling

14 pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within

15 the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951

16 F.2d 1153 (9th Cir. 1991).

17

18 IT IS SO ORDERED.

19 Dated: __**January 2, 2020**__                    /s/ *Sheila K. Oberto*

20                                        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

3